PAULA T. DOW
Attorney General of New Jersey
R.J. Hughes Justice Complex
PO Box 112
Trenton, New Jersey  08625-0112
Attorney for Defendants State of New Jersey and the New Jersey
     Division of State Police

By:  Vincent J. Rizzo, Jr. (VR 3441)
     Deputy Attorney General
     (609) 292-8582

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                        VICINAGE OF CAMDEN


_____
LUIS BURGOS-CINTRON,           : Hon. Joseph H. Rodriguez,
                                          S.U.S.D.J.
         Plaintiff,            :

v.                             : Civil Action No.: 09-04470

AUGUSTUS NYEKAN, JR.,          :    DEFENDANTS STATEMENT OF
Individually and in his             UNDISPUTED MATERIAL FACTS
office capacity as a Trooper   :
in the New Jersey Division of
State Police, et al            :

         Defendants,           :
_____
```

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

     Defendants, August Nyekan, Jr., James South, Mark Cunard, Richard Bumbera, the New Jersey Division of State Police, the New Jersey Division of State Police, Strategic Investigation Unit and the State of New Jersey, hereby submit this Statement of Undisputed Material Facts pursuant to Fed.R.Civ.P. 56 and L.Civ.R. 56.1 in support of their Motion for Summary Judgment.

     1.  At approximately 2:30 pm on September 17, 2007, Kareem Parker was the victim of an aggravated assault which occurred at

32nd Street and River Road in Camden, New Jersey (Ex. "A", Camden Police Department Major Incident Report; Ex. "B", plaintiff's Complaint, Pars. 39 & 40).

2. Officer M. Hendricks, Badge number 1250, of the Camden Police began the initial investigation of the alleged crime (Ex. "A"; Ex"B", Par. 39).

3. Kareem Parker identified Joseph Thompson and Luis Santiago as the perpetrators to Officer Hendricks. He further identified Luis Santiago as having the gun that was used during the assault (Ex. "A"; Ex. "B", Par 41).

4. On September 18, 2007, investigation of the matter was turned over to the New Jersey State Police, Strategic Investigations Unit, and assigned to Trooper A.D. Nyekan, Badge number 6520 (Ex. "C", New Jersey State Police Investigation Report; Ex. "B", Par. 45).

5. On September 20, 2007, at approximately 2 P.M., Trooper Nyekan and Detective Sargeant Bumbera began their investigation of the assault on Kareem Parker by visiting the scene of the alleged crime, interviewing the owners of the store located at the scene of the shooting and viewing the videotape surveillance tape taken by the store's camera (Ex. "D", Supplementary Offense Report, Police Department, Camden, NJ).

6. At approximately 8:50 P.M. that same date, Nyekan and Bumbera arrived at the home of Kareem Parker for the purpose on conducting an interview with him (Ex. "D").

7.  During that interview, Parker reiterated that the two individuals involved in the assault were Joseph Thompson and Luis Santiago (Ex. "D").

8.  Parker stated that he is very familiar with both Thompson and Santiago as he attended high school with them and is well aware of who they are (Ex. "D").

9.  Although he was willing to discuss the incident with the Troopers, Parker refused to give a taped statement of the events, fearing retaliation against himself or his family (Ex. "D").

10. At the same time Nyekan and Bumbera were interviewing Parker, another male was present who Nyekan recognized as having the same physical characteristics as a male seen on the videotape reviewed at the store.  When asked if he was present at the time of the incident, this male answered in the affirmative and identified himself as George Brown, Sr. who resided in Camden (Ex. "D"; Ex. "B", par. 49).

11. Mr. Brown agreed to give a taped statement to the Troopers concerning the incident (Ex. "D").

12. Mr. Brown gave a detailed statement to the Troopers in which he described the entire incident and specifically identified Joseph Thompson and Luis Santiago as the individuals involved (Ex. "D"; Ex. "E", Transcript of Taped Statement of George Brown, recorded September 20, 2007; Ex. "B", par. 54).

13. In addition to providing specific details of the incident and his prior history with both Thompson and Santiago, Mr. Brown

confirms that he has known both of them for a significant period of time(Santiago since at least 1998 or 1999, (Ex. "E", pg. 3) that he went to school with both of them and that he was in close proximity to both of them while the incident was taking place and the shots were being fired (Ex. "D"; Ex. "E"; Ex. "B", par. 50).

14. Mr. Brown also confirms that both he and Parker had spoken to the Camden police immediately after the incident had taken place, at which time they had initially provided the identities of Thompson and Santiago (Ex. "D"; Ex. "E").

15. During this interview, Brown was shown photos of Thompson and Santiago secured by the Troopers from a system called "Picture Link" and he identified the photos as being the individuals he knew and identified (Ex. "D").

16. During his interview of Kareem Parker on September 20, 2007, Trooper Nyekan was told by Parker that Santiago pulled a weapon and began firing at him (Ex. "F", Deposition of Trooper August Nyekan, May 6, 2010, pg. 16, line 22 to 25).

17. During that same interview, George Brown, Sr. identified Joseph Thompson and Luis Santiago as the individuals involved in the incident and that he had known them from school or going to school with them (Ex. "F", pg 17, line 5 to pg. 18, line 9).

18. During his interview of Parker and Brown, Nyekan showed them photos of Thompson and Santiago that had been secured from "Picture Link", a database of people who had previously been arrested in Camden, and both of them identified Thompson and

Santiago as the individuals involved (Ex. "F", pg. 25, line4 to pg. 28, line 18).

19. The procedure of showing the photos of Thompson and Santiago to Parker and Brown was for purposes of confirming their previous identification of the suspects, not for the purpose of conducting a photo array. Since both Parker and Brown both knew and identified the individuals involved, a photo lineup/array was not necessary (Ex. "F", pg. 38, line 9 to pg. 40, line 3).

20. As a result of the information developed during his investigation, Trooper Nyekan applied for and was issued a warrant for the arrest of Luis Santiago on September 26, 2007 (Ex. "F", pg. 30, line 17 to line 23; Ex. "G", Warrants issued for the arrest of Luis Santiago).

21. Detective Sargent Bumbera both assisted and supervised Trooper Nyekan during this investigation (Ex. "H", Deposition of Richard Bumbera, May 6, 2010, pg. 6, line 12 to pg 7, line 24).

22. He testified that even before the State Police became involved, Kareem Parker had identified the alleged shooter to the Camden police during their initial investigation (Ex. "G", pg. 8 line 11 to line 21).

23. During the interview of Parker and Brown, Bumbera pressed Parker on his identification of Thompson and Santiago in an attempt to insure that the identifications were accurate (Ex. "H", pg. 11, line 3 to line 20).

24. When Parker was shown the photo of Luis Santiago that had been secured from "Photo Link", there was no identifying information of any kind on the photo, only the picture itself (Ex. "H", pg. 15, line 2 to pg. 15, line 13).

25. Bumbera is aware of the New Jersey State Police policy that is used in conducting a photo array/lineup and when it is to be used, but testified that it is not applicable when a positive identification has already been made and the suspect is known to and/or has been identified by the victim (Ex. "H", pg. 16, line 19 to pg. 20, line 13 and pg. 23, line 2 to 4).

26. Bumbera testified that it was during the search of the "Picture Link" database that he and Nyekan became aware that Luis Santiago also used the alias of "Burgos-Cintron" (Ex. "H", pg. 11, line 19 to pg. 12, line 16).

27. In terms of attempting to apprehend Thompson and Santiago, Nyekan referred the matter to Detective Fallon of the Fugitive Unit (Ex. "F", pg. 41, line 3 to pg. 42, line 20).

28. On October 1, 2007, Detective Fallon received the request to apprehend the suspect, Luis Santiago, from DSFC, James South, #4238 (Ex. "I", New Jersey State Police Investigation Report, Fugitive Unit).

29. During the course of his investigation, Detective Fallon, developed information that Luis Santiago's was also known as Luis Angel Burgos-Cintron (Ex. "I"; Ex. "J", Deposition of Edward J. Fallon, taken May 6, 2010, pg. 14, line 19 to pg. 15, line 21).

30. On October 4, 2007, Detective Fallon was able to locate plaintiff at his mother's home in Camden, New Jersey and placed plaintiff under arrest there pursuant to the warrant(Ex. "I").

31. Detective Sargent First Class (DSFC)James South is a sworn member of the State Police and was in charge of the Strategic Investigation Unit (Shooting Response Team) in the City of Camden at the time of this incident (Ex. "K", Deposition of James South, taken May 6, 2010, pg 4, line 9 to pg. 5, line 10).

32. DSFC South's knowledge of this case basically comes from reading the reports about it prepared by the other detectives and getting "briefings" from those detectives as the case progresses (Ex. "K", pg. 10, line 1 to pg. 13, line 21).

33. DSFC South was not present when the plaintiff was apprehended/arrested by the Fugitive Unit but did take possession of him for purposes of transporting him to the Camden Police Administration Building for processing (Ex. "K", pg. 21, line 7 to pg. 22, line 18).

34. In November 2007, the Grand Jury of the State of New Jersey, for the County of Camden, returned a "True Bill" as to the seven count indictment brought against Luis A. Santiago a/k/a Jorge Cintron a/k/a Luis Burgos-Cintron, for the crimes allegedly committed against Kareem Parker on September 15, 2007 in Camden, Camden County, New Jersey (Ex."L", "True Bill" returned by the Grand Jury, November, 2007 as to Indictment No. 616-02-08).

35. In January of 2000, plaintiff was arrested for drug related charges and sentenced to five (5) years in New Jersey State Prison (Ex. "M", Deposition of plaintiff, Luis A. Burgos, taken April 28, 2010, pg. 12, line 14 to line 20; and pg. 18, line 6 to pg. 19, line 16).

36. At the time he was arrested, plaintiff used a fake name to get out of jail (Ex. "M", pg. 12, line 16 to line 23).

37. The alias used by the plaintiff at that time was "Luis Santiago" (Ex. "M", pg. 12, line 10 to pg. 13, line 9).

38. Plaintiff admitted that he might also have used that alias 2 or 3 times prior to his arrest and conviction in 2000 (Ex. "M", pg. 13, line 16 to pg. 14, line 7).

39. Plaintiff was indicted under the name "Luis Santiago" in 2000 and continued to use that name until sometime after he was sent to prison in March 2001 (Ex. "M", pg.20, line9 to pg. 23, line 1).

40. After plaintiff was arrested and released in January 2000, he "went on the run' and was not recaptured until about January 2001 (Ex. "M", pg. 20, line 21 to pg. 22, line 20).

41. All of the records created in conjunction with plaintiff's arrest in January 2000 used the name "Luis Santiago" and the warrant issued for arrest for failing to appear for court was issued in the name "Luis Santiago" (Ex. "M", pg. 21, line 13 to line 22).

42. While plaintiff was "on the run" between 2000 and 2001, he also used the alias, "Jorge Cintron" (Ex. "M", pg. 66, line 10 to line 22).

43. Plaintiff's full name is "Luis Angel Burgos Cintron" and the name on his birth certificate and driver's licence is "Luis Angel Burgos Cintron" (Ex. "M", pg. 11, line 1 to pg. 12; line 9).

44. Plaintiff is unaware if any of the exculpatory information regarding his true identity or his alibi information or his request for a lineup through his attorney, was ever given to any of the trooper defendants during the time he was incarcerated in the Camden County Jail in relation to this incident (Ex. "M", pg. 62, line 17 to pg. 65, line 13; pg. 81, line 9 to pg. 82 line 15; and, pg. 85, line 14 to pg. 86, line 15).

45. On July 9, 2008, Kareem Parker, in preparation for a <u>Wade</u> hearing on plaintiff's identification, indicated that the "Luis Santiago" he had previously identified as being the shooter in the September 15, 2007 incident was *not* the correct "Luis Santiago" and subsequently identified another individual (Ex. "N", Letter of July 10, 2008 from Kristen M. Harberg, DAG, to Stephen M. Holden, J.S.C.).

46. On July 11, 2008, Stephen M. Holden, J.S.C. signed an order dismissing the indictment against the plaintiff, with the

assistance of counsel and consent to the proceedings (Ex. "O", Order of July 11, 2008, Dismissing the Indictment No. 616-02-08-I).

                        Respectfully submitted,

                        PAULA T. DOW
                        ATTORNEY GENERAL OF NEW JERSEY

           By: _ s/Vincent J. Rizzo, Jr.
                Vincent J. Rizzo, Jr.
                Deputy Attorney General

Date: January 7, 2011